**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**TYLER DIVISION**

| | | |
|---|---|---|
| **STRAGENT, LLC, *et al.*,** | § | |
| | § | |
| **Plaintiffs,** | § | **Civil Action No. 6:10-CV-226** |
| | § | |
| **v.** | § | |
| | § | |
| **MATCH.COM, LLC, *et al.*,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendants.** | § | |

**<u>FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT</u>**

This is an action for patent infringement in which Plaintiffs Stragent, LLC ("Stragent") and SeeSaw Foundation ("SeeSaw") complain against Defendants Match.com, LLC ("Match"); Cupid.com, Inc. ("Cupid"); eHarmony, Inc. ("eHarmony"); Jive Software, Inc. ("Jive"); Skype, Inc. and Skype Technologies S.A. (collectively "Skype"); CBS Corporation (aka Delaware CBS Corporation) ("CBS"); ESPN, Inc. ("ESPN"); FOX Broadcasting Company, Inc. and Fox Entertainment Group, Inc. (collectively "FOX"); Friendster, Inc. ("Friendster"); and LinkedIn Corporation ("LinkedIn"), as follows:

**PARTIES**

1.      Plaintiff Stragent is a Texas limited liability company having its principal place of business in Longview, Texas.

2.      Plaintiff SeeSaw is a Texas non-profit corporation intended to qualify as an entity exempt from income tax as an organization described in Internal Revenue Code section 501(c)(3) and as a supporting organization described in Internal Revenue Code section 509(a)(3)(B)(i) (a "Type 1 Supporting Organization") to SeeSaw Children's Place, a Texas non-

profit corporation exempt from income tax under section 501(c)(3) of the Internal Revenue Code, having its principal place of business in Longview, Texas.

3.      On information and belief, Defendant Match is a Delaware limited liability company having its principal place of business in Dallas, Texas.

4.      On information and belief, Defendant Cupid is a Delaware corporation having its principal place of business in Poughkeepsie, New York.

5.      On information and belief, Defendant eHarmony is a Delaware corporation having its principal place of business in Pasadena, California.

6.      On information and belief, Defendant Jive is a Delaware corporation having its principal place of business in Portland, Oregon.

7.      On information and belief, Defendant Skype, Inc. is a Delaware corporation having its principal place of business in San Jose, California.

8.      On information and belief, Defendant Skype Technologies S.A. is a Luxembourg corporation having its principal place of business in Luxembourg, Luxembourg.

9.      On information and belief, Defendant CBS is a Delaware corporation having its principal place of business in New York, New York.

10.      On information and belief, Defendant ESPN is a Delaware corporation having its principal place of business in New York, New York.

11.      On information and belief, Defendant FOX Broadcasting Company, Inc. is a Delaware corporation having its principal place of business in Los Angeles, California.

12.      On information and belief, Defendant Fox Entertainment Group, Inc. is a Delaware corporation having its principal place of business in Los Angeles, California.

13.     On information and belief, Defendant FOX Broadcasting Company, Inc. is a subsidiary of Defendant Fox Entertainment Group, Inc.

14.     On information and belief, Defendant Friendster is a Delaware corporation having its principal place of business in Mountain View, California.

15.     On information and belief, Defendant LinkedIn is a Delaware corporation having its principal place of business in Mountain View, California.

## JURISDICTION AND VENUE

16.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant has transacted business in this district and has committed and/or induced and/or contributed to acts of patent infringement in this district.

18.     On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## PATENT INFRINGEMENT

19.     Plaintiff SeeSaw is the owner by assignment of United States Patent No. 6,665,722 ("the '722 patent") entitled "Store-and-forward packet radio system and method."

The '722 patent was duly and legally issued on December 16, 2003.  A true and correct copy of the '722 patent is attached as Exhibit A.

20.     Plaintiff Stragent is the exclusive licensee of the '722 patent, having an exclusive, worldwide, transferable, retroactive and prospective license ("the License") under the '722 patent, with the right to sublicense others, to (i) make, have made, use, sell, offer to sell, import and lease any products, (ii) use and perform any method, process, and/or services, and (iii) otherwise practice any invention in any manner, such that Stragent has full right to enforce and/or sublicense the '722 patent without any restriction, subject to certain encumbrances. Stragent further has the exclusive right under the License to maintain, enforce, or defend the '722 patent, including without limitation pursuing and collecting damages, royalties, and other payments and obtaining injunctive relief and other remedies for past, current and future infringement of the '722 patent and pursuing and entering into any settlement related to a claim of infringement.

21.     On information and belief, Defendant Match has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Match's infringements include, without limitation, making, using, offering for sale, and/or selling communication systems, including without limitation the Chemistry.com and Match.com Internet websites, that infringe one or more claims of the '722 patent.  Match is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

22.     On information and belief, Defendant Cupid has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the

United States.  Cupid's infringements include, without limitation, making, using, offering for sale, and/or selling communication systems, including without limitation the Cupid.com Internet website, that infringe one or more claims of the '722 patent.  Cupid is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

24.     On information and belief, Defendant eHarmony has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  eHarmony's infringements include, without limitation, making, using, offering for sale, and/or selling communication systems, including without limitation the eHarmony.com Internet website, that infringe one or more claims of the '722 patent.  eHarmony is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

24.     On information and belief, Defendant Jive has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Jive's infringements include, without limitation, making, using, offering for sale, and/or selling communication systems, including without limitation the Jive SBS software application suite, that infringe one or more claims of the '722 patent.  Jive is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

25.     On information and belief, Defendant Skype has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Skype's infringements include, without limitation, making, using, offering for sale, and/or selling communication systems, including without limitation the Skype software

program, that infringe one or more claims of the '722 patent.  Skype is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

26.    On information and belief, Defendant CBS has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  CBS's infringements include, without limitation, making, using, offering for sale, and/or selling communication systems, including without limitation the CBS.com Internet website, that infringe one or more claims of the '722 patent.  CBS is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

27.    On information and belief, Defendant ESPN has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  ESPN's infringements include, without limitation, making, using, offering for sale, and/or selling communication systems, including without limitation the ESPN.com Internet website, that infringe one or more claims of the '722 patent.  ESPN is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

28.    On information and belief, Defendant FOX has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  FOX's infringements include, without limitation, making, using, offering for sale, and/or selling communication systems, including without limitation the FOX.com Internet website, that infringe one or more claims of the '722 patent.  FOX is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

29.     On information and belief, Defendant Friendster has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Friendster's infringements include, without limitation, making, using, offering for sale, and/or selling communication systems, including without limitation the Friendster.com Internet website, that infringe one or more claims of the '722 patent.  Friendster is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

30.     On information and belief, Defendant LinkedIn has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  LinkedIn's infringements include, without limitation, making, using, offering for sale, and/or selling communication systems, including without limitation the LinkedIn.com Internet website, that infringe one or more claims of the '722 patent.  LinkedIn is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

31.     As a result of Defendants' infringement of the '722 patent, Stragent and SeeSaw have suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Stragent and SeeSaw request that this Court enter:

A.     A judgment in favor of Stragent and SeeSaw that Defendants have directly infringed, induced others to infringe, and/or contributed to others' infringement of the '722 patent;

B.      A judgment and order requiring Defendants to pay Stragent and SeeSaw their damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '722 patent as provided under 35 U.S.C. § 284; and

C.      Any and all other relief to which the Court may deem Stragent and SeeSaw entitled.

## DEMAND FOR JURY TRIAL

Stragent and SeeSaw, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Respectfully submitted,

Eric M. Albritton
Texas Bar No. 00790215
ema@emafirm.com
Adam A. Biggs
Texas Bar No. 24051753
aab@emafirm.com
Debra Coleman
Texas Bar No. 24059595
drc@emafirm.com
Matthew C. Harris
Texas Bar No. 24059904
mch@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

T. John Ward, Jr.
State Bar No. 00794818
jw@jwfirm.com
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

Danny L. Williams
Texas Bar No. 21518050
danny@wmalaw.com
J. Mike Amerson
mike@wmalaw.com
Texas Bar No. 01150025
Jaison C. John
Texas State Bar No. 24002351
jjohn@wmalaw.com
Christopher N. Cravey
Texas Bar No. 24034398
ccravey@wmalaw.com
Matthew R. Rodgers
Texas Bar No. 24041802
mrodgers@wmalaw.com
Michael A. Benefield
Indiana Bar No. 24560-49
mbenefield@wmalaw.com
David Morehan
Texas Bar No. 24065790
dmorehan@wmalaw.com
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000
Facsimile: (713) 934-7011

*Attorneys for Stragent, LLC, and SeeSaw Foundation*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 6th day of May 2010.

Eric M. Albritton